SUNDBERG, Justice,
dissenting.
Although I do not concur in discharge of the writ in this case, in fairness to the State and the judges who have heretofore considered this matter, it should be pointed out that petitioner and his various counsel have been less than diligent in presenting and pursuing the due process deficiency here complained of. Petitioner raised no objection by motion prior to trial which is the indicated manner for questioning a jury venire. At trial, although petitioner’s counsel raised the issue of the deficiency in the jury venire, he failed to follow the prescribed procedure for presenting the issue and was less than forceful in attempting to establish the factual basis for disqualifying the venire. The colloquy between counsel and the trial judge before voir dire demonstrates a willingness of the judge to consider the issue if properly presented, but a reluctance by counsel to do more than make a general observation about the makeup of the panel.
At best it can be said that counsel did little more than preserve the issue for appeal. However, strangely enough, the objection to the jury panel was not even presented on appeal of the judgments and sentences to the district court of appeal following petitioner’s conviction. (Conced-edly that review was prosecuted by different counsel and took the form of habeas corpus because State action frustrated petitioner’s right to a direct appeal.) Furthermore, petitioner addressed several applications to the trial court for mitigation of sentence, at least one of which could have been treated as an application for relief under Fla.R.Crim.P. 3.850, and none of those applications raised the matter here objected to.
It was not until January 27, 1975, that petitioner filed a motion pursuant to Fla.R. Crim.P. 3.850 raising for the first time post trial the legality of the selection of his prospective jurors at trial. Denial of this motion was affirmed by the district court of appeal, per curiam, without opinion. 336 So.2d 612 (Fla.2d DCA 1976). It is this action by the district court which is asserted to conflict with Jordan v. State, 293 So.2d 131 (Fla.2d DCA 1974). As pointed out by the dissent of Mr. Justice Boyd, Jordan held that the appellant there made a prima facie showing that the jury selection process deprived him of his constitutional right to an impartial jury which the State failed to rebut. The State here asserts that no such prima facie showing has been made by peti *9 tioner through the eonclusory statements made in his motion to the trial court and, hence, the per curiam affirmance by the district court does not conflict with its decision in Jordan. I am persuaded to agree with the State. Nonetheless, it cannot be denied that the jurors who convicted petitioner were drawn from the very same master jury list as were the Jordan jurors and that list was not altered from the time of petitioner’s trial until after Jordan’s trial. Therefore, it is inescapable that the deficiencies attached to Jordan’s jury were present in the selection of petitioner’s jury.
Consequently, where so fundamental an error has occurred in the observance of one’s constitutional rights, a new trial is mandated. If jurisdiction does not exist in this Court due to lack of conflict with Jordan, it exists through habeas corpus. See Article V, Section 2(a) and Section 3(b)(6), Florida Constitution. As observed in Justice Boyd’s opinion, State v. Silva, 259 So. 2d 153 (Fla.1972), is no impediment to our consideration of this case because objection was made in the trial court although not with the niceties which might better have been observed.
Accordingly, I would treat this petition as one seeking habeas corpus and grant the writ to the extent of requiring a new trial. To do otherwise in this case is to elevate form over substance.